IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HEATHER WILKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-0968-CV-W-FJG |
| ) | |
| MICHELIN NORTH AMERICA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) plaintiff's motion to remand and suggestions in support (Doc. No. 5); and (2) defendant Shackleford's memorandum in response to plaintiff's motion to remand (Doc. No. 11), which contains a request for dismissal of the claim against him. Both will be examined below.

**I. Background.**

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri, by defendant Michelin North America, Inc., on October 14, 2005. This suit concerns alleged damages sustained by plaintiff related to a motor vehicle accident that occurred on March 22, 2004. Plaintiff alleges that a tire on the truck she was driving, a 1990 Chevrolet truck owned by defendant Jacob Allen Shackelford, suddenly failed so that the tread came off the tire, causing the truck to go out of control and overturn. Plaintiff brings claims against defendant Michelin North America, Inc. for strict product liability, breach of implied warranty, and negligence. Plaintiff brings a claim against defendant Jacob Allen Shackelford for negligence.

Plaintiff and defendant Jacob Allen Shackelford are both residents of the state of

Missouri. Defendant Michelin North America, Inc. filed its removal petition based on the theory of fraudulent joinder, stating that plaintiff has failed to state a claim upon which relief can be granted against defendant Shackelford.

**II. Discussion.**

    **A. Motion to Remand (Doc. No. 5)**

As to the issue of fraudulent joinder, the Court notes that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). "'Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant.'" Richka Enters., Inc. v. Am. Family Mutual Ins. Co., 200 F. Supp. 2d 1049, 1051 (E.D. Mo. 2001) (quoting Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995)). Further, "a plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship jurisdiction by fraudulently joining a non-diverse defendant." BP Chems. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, (8th Cir. 2002) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-99 (1921)).

The record before the Court shows that plaintiff has failed to state a claim upon which relief may be granted against defendant Shackleford, and therefore defendant Shackleford has been fraudulently joined. Plaintiff alleges only that defendant Shackleford placed the tires on the vehicle and "knew the tires were used." With respect to the tires being "used," the Court agrees with defendant Shackleford that this condition exists on

2

virtually every tire on the road. Plaintiff has not alleged in her state court petition that defendant Shackleford knew or somehow should have known of the allegedly defective condition of the tires. See Slagle v. Singer, 419 S.W.2d 9 (Mo. 1967) (noting that knowledge of the owner or operator of the defective condition of the tires is necessary before a duty to act is imposed); Matthews v. Michelin North America, Inc., No. 4:05-CV-00250, Slip. Op. (E.D. Mo., Sept. 26, 2005) (finding that where plaintiff did not allege that defendant knew or had reason to know of a dangerous condition, plaintiff failed to allege facts from which a duty to act is imposed). Instead, plaintiff's allegations against defendant Shackleford are conclusory, and fail to assert facts which state a claim as a matter of law. See Briehl v. General Motors, 172 F.3d 623, 627 (8th Cir. 1999).

Accordingly, it is hereby **ORDERED** that plaintiff's motion to remand (Doc. No. 5) is **DENIED.**

### B. Motion to Dismiss (Doc. No. 11)

As this Court has found that defendant Shackleford has been fraudulently joined in this action and has determined that plaintiff's complaint against defendant Shackleford fails to state a claim upon which relief may be granted, this Court **GRANTS** defendant Shackleford's motion to dismiss for failure to state a claim (Doc. No. 11).

**IT IS SO ORDERED.**

Date: November 22, 2005　　　　　　　　/s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge