IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HEATHER WILKINSON, )
)
Plaintiff, )
)
v. ) Case No. 05-0968-CV-W-FJG
)
MICHELIN NORTH AMERICA, INC., et al., )
)
Defendants. )

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Amend Complaint and to Join Former Defendant Jacob Allen Shackelford (Doc. No. 15); (2) Plaintiff's Motion to Amend or Alter Order of November 22, 2005 (Doc. No. 16); (3) former defendant Shackelford's motion to remand (Doc. No. 22), and (4) defendant Michelin North America, Inc.'s ("Michelin") combined motion to strike answer, Rule 26 disclosure, motion to remand, and requests for admission of non-party Shackelford and suggestions in support (Doc. No. 39). Each will be considered below.

**I. Background.**

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri, by defendant Michelin, on October 14, 2005. This suit concerns alleged damages sustained by plaintiff related to a motor vehicle accident that occurred on March 22, 2004. Plaintiff alleges that a tire on the truck she was driving, a 1990 Chevrolet truck owned by defendant Jacob Allen Shackelford, suddenly failed so that the tread came off the tire, causing the truck to go out of control and overturn. Plaintiff brings claims against defendant Michelin for strict product liability, breach of implied warranty, and negligence.

Plaintiff originally brought a claim against defendant Jacob Allen Shackelford for negligence. Defendant Michelin removed the case, arguing that defendant Shackelford had been fraudulently joined. Plaintiff moved to remand. After considering plaintiff's motion to remand, the Court found that Shackelford had been fraudulently joined and that (1) plaintiff's motion to remand should be denied; and (2) defendant Shackelford's motion to dismiss for failure to state a claim should be granted. See Order, Doc. No. 14, dated November 22, 2005.

**II. Discussion.**

    A.    Plaintiff's Motion for Leave to Amend (Doc. No. 15), and Plaintiff's Motion to Amend or Alter Order of November 22, 2005 (Doc. No. 16)

In these related motions, plaintiff makes a variety of arguments in an attempt to have former defendant Shackelford reinstated as a defendant in this matter. Plaintiff argues that she should be allowed to amend her complaint as of right to reassert claims against defendant Shackelford because defendant Michelin has not yet filed an answer or responsive pleading. However, the Court finds that the proposed amendment, reasserting claims against a Missouri defendant who has already been dismissed by order of the Court, is not the type of amendment that can be made as of right. As noted by defendant Michelin, the conflict between Rule 15(a) and 28 U.S.C. § 1447(e) is generally resolved by Courts "concluding that they have authority to deny joinder under Rule 15(a) notwithstanding the plaintiff's right under that rule." Brcka v. St. Paul Travelers Companies, Inc., 366 F.Supp.2d 850, 853 (S.D. Iowa 2005). Here, especially considering that defendant Shackelford has already been dismissed by the Court upon the motion of defendant Shackelford, the Court finds that plaintiff's attempt to re-assert claims against

2

defendant Shackelford pursuant to a purported amendment as of right under Rule 15(a) should be **DENIED.**

Furthermore, plaintiff's motion for leave to amend (Doc. No. 15) should be **DENIED**. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), the Court finds that justice does not require granting leave to amend to add a previously dismissed party whose presence would destroy diversity jurisdiction.

Finally, to the extent that plaintiff is requesting the Court reconsider its previous Order, the Court finds that reconsideration is not warranted. Federal jurisdiction is determined based on the record at the time the case is removed, and in this matter the record supported federal jurisdiction at the time the case was removed. See Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc., 77 F.3d 1063, 1067-68 (8th Cir. 1996).

Accordingly, plaintiff's motion for leave to amend (Doc. No. 15), and plaintiff's motion to amend or alter Order of November 22, 2005 (Doc. No. 16) are **DENIED.**

B. Defendant Michelin's Motion to Strike (Doc. No. 39) and former defendant Shackelford's motion to remand (Doc. No. 22)

Defendant Michelin notes that Shackelford, who is now dismissed, has filed an answer to the purported amended complaint, a motion to remand, and various discovery requests and disclosures. Defendant Michelin states that these should be stricken, as Shackelford is no longer a party.

As noted above, plaintiff's motions for leave to amend and reconsideration have been denied. As Shackelford has been dismissed from the case and is no longer a party,

3

the Court finds that defendant Michelin's motion to strike (Doc. No. 39) should be **GRANTED.** Accordingly, Shackelford's purported answer (Doc. No. 18), Rule 26 disclosures (referred to in Doc. No. 25), motion to remand (Doc. No. 22), reply suggestions to the motion to remand (Doc. No. 32), requests for admission (referred to in Doc. Nos. 30 and 31), and anything else served or filed by Shackelford after Shackelford's dismissal date shall be **STRICKEN**.

### III. Conclusion.

Although the Court finds that plaintiff's attempts to amend her complaint (Doc. Nos. 15 and 16) should be denied and that Shackelford should no longer be considered a party to this case, the Court finds that an issue remains. As noted by plaintiff, defendant Michelin has apparently failed to timely answer or otherwise respond to plaintiff's original state court petition. See Plaintiff's response in opposition to the motion to strike, Doc. No. 42, p. 3. From the Court's review of the record, it appears that defendant Michelin was served in September 2005. See Doc. No. 37, Ex. 1. Defendant Michelin apparently did not file an answer or other responsive pleading in state court. Rule 81(c) of the Federal Rules of Civil Procedure provides:

> In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

Without going into a great deal of analysis, it is apparent to the Court that defendant

4

Michelin is considerably late in filing its answer.[1] Plaintiff has raised this issue indirectly, but has not formally raised this issue so that defendant may respond. If plaintiff is interested in formally addressing this issue by motion, she should do so **within seven days of this Order**.

**IT IS SO ORDERED.**

Date: March 20, 2006                    /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.                  Fernando J. Gaitan, Jr.
                                        United States District Judge

---

[1] Defendant Michelin's only answer (Doc. No. 40, filed on March 14, 2006), was filed in response to the Court's Order of March 10, 2006, directing defendant Michelin to file a copy of its answer to the state court petition. At the time, the Court was under the impression that defendant Michelin may have previously filed an answer in state court, as the docket sheet available on Missouri Case.Net indicates that defendant Michelin filed an answer to the petition on October 13, 2005. See Docket entries for Case No. 0516-CV23661, http://www.courts.mo.gov/casenet/cases/searchDockets.do. However, it is now clear that defendant Michelin did not file an answer or responsive pleading in state court. Furthermore, the Court does not consider the purported answer filed by defendant Michelin on March 14, 2006 (Doc. No. 40) to be a timely-filed answer in this matter, as leave to file this pleading out of time has not been requested or granted.

5